```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION

MARK LYNN PITTS,              §
                              §
VS.                           §   CIVIL ACTION NO.4:12-CV-168-Y
                              §
                              §
BILL DUNCAN                   §
```

OPINION and ORDER OF DISMISSAL UNDER
28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)
(With special instructions to the clerk of Court)

Plaintiff Mark Lynn Pitts, then an inmate at the Denton County jail,[1] filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983. Although the case was initially filed in the United States District Court for the Eastern District of Texas, the case was transferred to this the Fort Worth division of the Northern District of Texas, and assigned to the "Y" docket. As Pitts proceeds in forma pauperis, the case is before the Court for review under the screening provisions of 28 U.S.C. § 1915(e)(2)(B). Pitts names as defendant Bill Duncan, identified as a counselor at the Volunteers of America (VOA) halfway house on Riverside Drive in Fort Worth, Texas.[2] (Compl. Style; § IV(B).)  Pitts recites that while he was released on parole and housed at the VOA halfway house on August 10, 2011, he was charged by counselor Duncan with violating a rule. Specifically, Pitts alleges that he was accused of violating a rule "when a female ex-offender accused me of making gestures with my

---

[1] Pitts has recently filed a notice of change of address listing a street address in Denton, Texas.

[2] In his form complaint seeking relief under 42 U.S.C. § 1983 in this action, plaintiff Pitts named Bill Duncan as the only defendant. "Volunteers of America", however, is listed as a part of Pitts's listing of defendant Duncan's address. Thus, the clerk of Court is directed to remove from the docket "Volunteers of America" as a separately named defendant.

eyes that made her feel uncomfortable." (Compl. § V, attached "Statement of Claim.")  Pitts also alleges:

> I was punished without due process and a warrant was issued by the parole board because I was discharged from the halfway house before my time was up.  Which made my efforts to successfully complete the program unsatisfactory to the parole board and placed me in the Denton County jail. Based on Mr. Bill Duncan's denying me due process of law.  (Compl. § V, attached "Statement of Claim.")

Pitts seeks punitive damages from defendant Duncan. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6]

The Court concludes that Pitts's claims for monetary damages under 42 U.S.C. § 1983 against Duncan are not cognizable. In *Heck*

---

[3] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id.,* citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

*v. Humphrey,*[7] the Supreme Court held that a claim for monetary damages that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[8]

Plaintiff's request to have this Court review the conditions upon which his release on parole was revoked, would, if successful, necessarily imply the invalidity of his resulting incarceration in the Denton County jail.[9] Thus, such claims are not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. With regard to challenges brought under § 1983 to parole proceedings, the Supreme Court clarified that, although challenges only to the procedures used to determine parole eligibility may go forward in a civil suit, if the claims "seek to invalidate the duration of [an inmate's] confinement--either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the

---

[7] 512 U.S. 477, 486-87 (1994).

[8] *Heck*, 512 U.S. at 486-87; *see also Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

[9] *See generally Hall v. Attorney General of Texas*, 266 Fed. Appx. 355, 2008 WL 474121, at *1 (5th Cir. 2008)("Hall's constitutional challenge to the [sex-offender] registration requirement also is an indirect challenge to his incarceration. Hall's claims are thus not cognizable under 42 U.S.C. § 1983 until he proves that the incarceration has been reversed or declared invalid.")

3

State's custody"[10]--the prisoner must pursue such claim through habeas corpus or similar remedies. Plaintiff has not shown that the complained-of imprisonment has been invalidated by a state or federal court.[11]

As noted above, Pitts has now provided a new address of record. The Court observes that even if Pitts has completed the term of incarceration resulting from revocation of parole, "the Fifth Circuit has held that the *Heck* bar is still applicable in cases where a litigant has discharged his sentence and habeas relief is no longer available".[12] In such cases, an inmate must still show that his conviction or sentence has been invalidated, as explained in *Hassler v. Carson County*:

> Hassler contends that the district court's application of the *Heck* bar was improper because the 28 U.S.C. § 2254 remedy was unavailable to him, both because he has completed his prison sentence and because the limitations imposed by the Antiterrorism and Death Penalty Act ("AEDPA") prevent him from seeking habeas relief. . . . The *Heck* bar applies even to former prisoners for whom the 28 U.S.C. § 2254 remedy is no longer available, if the plaintiff has failed to establish that other "procedural vehicle[s]" are lacking. *See Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000). Hassler has not made such a showing. Because Hassler's sentence has not been overturned or otherwise invalidated, his claims were barred by *Heck.*[13]

---

[10]*Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).

[11]*See McGrew v. Texas Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995).

[12]*McWilliams v. Texas,* No.5:09-CV-115, 2009 WL 4730447, at *1 (E.D. Tex. Dec. 7, 2009)(citing *Hassler v. Carson County*, 111 Fed. Appx. 728, 729 (5th Cir. Oct. 6, 2004)(where court of appeals affirmed district court's determination that released TDCJ inmate's claims regarding the failure to credit him with jail time served in Carson County were barred by *Heck*)).

[13]*Hassler,* 111 Fed. Appx. at 729-30.

4

Under this controlling authority, even though Pitts may have discharged his sentence and thus relief under § 2254 may ultimately not be available to him, because he has not shown that the imprisonment resulting from the revocation of parole was otherwise invalidated,[14] his claims for monetary damages are not cognizable under *Heck v. Humphrey*, and must be dismissed.

Therefore, under the authority of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[15]

SIGNED July 19, 2012.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[14] *See generally Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000) (rejecting a former inmate's claims that since he could no longer seek habeas relief he did not have to show a favorable termination of his underlying conviction, because "the [Supreme] Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim 'is not cognizable under [section] 1983'"), *cert. den'd,* 532 U.S. 971 (2001).

[15] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

5